NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1638

WALTER R. COX, SR.

VERSUS

BRUCE P. BORDLEE, M.D., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-1036
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

AFFIRMED.

John E. Bergstedt
The Bergstedt Law Firm
P. O. Box 1884
Lake Charles, LA 70602
Telephone: (337) 436-4600
COUNSEL FOR:
    Defendants/Appellees - Walter P. Ledet, M.D. and Bruce P. Bordlee, M.D.

Patrick Scott Jolly
Watson, Blanche, Wilson & Posner, LLP
P. O. Drawer 2995
Baton Rouge, LA 70821-2995
Telephone: (225) 387-5511
COUNSEL FOR:
    Defendant/Appellee - West Calcasieu Cameron Hospital

**Walter R. Cox, Sr.**
**Elayn Hunt Correctional Center**
**6925 Hwy 74**
**St. Gabriel, LA 70776**

**Walter R. Cox, Sr.**
**Elayn Hunt Correctional Center**
**6925 Hwy 74**
**St. Gabriel, LA 70776**

**THIBODEAUX, Chief Judge.**

Plaintiff, Walter Cox, Sr. (Mr. Cox), filed this appeal pro se from the trial court judgment dismissing his medical malpractice claim as premature against Defendants, Dr. Bruce Bordlee; Dr. Walter Ledet (the Doctors); and, West Calcasieu Cameron Hospital (WCCH). The Doctors and WCCH filed dilatory exceptions of prematurity because Mr. Cox had not first submitted his claim to a Medical Review Panel before filing it in district court, pursuant to the process prescribed by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq. For the following reasons, we affirm the judgment of the trial court.

## I.

## ISSUE

Does the Louisiana Medical Malpractice Act apply to the facts of this case, requiring Mr. Cox to bring his complaint of medical malpractice against the Doctors and WCCH before a Medical Review Panel before seeking redress in court?

## II.

## FACTS

In March of 2005, Mr. Cox was involved in a car accident in which he was injured. He was brought by ambulance to WCCH for emergency treatment. He was treated by the Doctors for a head wound and a broken left foot. He was released to the custody of the Calcasieu Parish Sheriff's Department.

Mr. Cox maintains that he suffered from undiagnosed injuries and ailments for which he had to receive emergency treatment and several surgeries at another hospital. In March of 2006, he filed a suit in district court entitled, "Suit for Medical Malpractice." In that petition, he alleged that the Doctors were negligent because they did not diagnose and treat his neck, which he asserts was broken, and

because they did not diagnose and treat him for kidney damage. He asserts the claim that their negligence led to brain damage he says he suffered.

The Doctors and WCCH each filed an Exception of Prematurity in response to Mr. Cox's petition. They both claimed that Mr. Cox's complaint was not yet ripe for adjudication in court because it was first subject to review by a Medical Review Panel, as per the process outlined in the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq.

A hearing was held on the exceptions. Mr. Cox was sent notice of the hearing on the exceptions, but was not in attendance at the hearing. Based on the evidence produced by both defendants, the trial court sustained the exceptions and dismissed Mr. Cox's suit without prejudice. The trial court also assessed attorney fees and a penalty against Mr. Cox in the amount of $1,000.00.

III.

## LAW AND DISCUSSION

### Standard of Review

A trial court's ruling on an exception of prematurity is a question of law, and an appellate court reviews questions of law to determine whether the trial court's decision was legally correct or incorrect. *O'Brien v. Rizvi*, 04-86 (La.App. 3 Cir. 6/9/04), 877 So.2d 150, *writs granted*, 04-2252, 04-2257 (La. 12/10/04), 888 So.2d 820, *rev'd on other grounds*, 04-2252 (La. 4/12/05), 898 So.2d 360.

> "[The exception of prematurity] is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a decision by a medical review panel before filing suit against the provider." *Spradlin v. Acadia-St. Landry Med. Found.*, 98-1977, p. 4 (La. 2/29/00), 758 So.2d 116, 119. "If an action against a health care provider covered by the Act has been commenced in a court of law and the complaint was not first presented to a medical review panel, an exception of

2

prematurity must be maintained, and the plaintiff's suit must be dismissed." *Bennett v. Krupkin*, 00-23, p. 6 (La.App. 1 Cir. 3/28/02), 814 So.2d 681, 685, *writ denied*, 02-1208 (La. 6/21/02), 819 So.2d 338.

*Id*. at 153.

We must determine whether Mr. Cox filed a medical malpractice claim and whether the Doctors and WCCH were qualified healthcare providers, thereby invoking the procedures required under the Louisiana Medical Malpractice Act (LMMA).

The LMMA creates a process for bringing malpractice claims against qualified healthcare providers. Malpractice is defined by the LMMA as:

(8) "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.

La.R.S. 40:1299.41(A)(8).

A healthcare provider is defined in pertinent part, in the LMMA as follows: "(1) 'Health care provider' means a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or certified by this state to provide health care or professional services as a physician, hospital, . . . ." La.R.S. 40:1299.41(A)(1).

To become an LMMA qualified healthcare provider, one must follow the procedures outlined in La.R.S. 40:1299.42. Once the qualification process is complete, the qualified healthcare provider may then invoke the protections provided

in the LMMA. One of those protections is that the claim must first be reviewed by a Medical Review Panel. La.R.S. 40:1299.47.

Both of the Doctors and WCCH filed for and received certification, and therefore are qualified healthcare providers. Copies of their certificates of enrollment were introduced as evidence.

A malpractice claim is processed under the LMMA when a patient who believes that malpractice was committed submits a request for review of that complaint to the Patient's Compensation Fund Oversight Board (the Board), created by La.R.S. 40:1299.44(D). That action begins the process of setting up a Medical Review Panel to review the patient's claim. La.R.S. 40:1299.47.

The filing of a request for a Medical Review Panel with the Board suspends the running of the normal one to three year prescription period allotted for filing a medical malpractice claim in district court set by La.R.S. 9:5628. *LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226. Once the Medical Review Panel has made a decision, the patient has ninety days from receipt of the decision by the panel to file a suit in district court. La.R.S. 40:1299.47(A)(2)(a).

The requirement for review by a Medical Review Panel before a claim may be brought in court has been found to have no constitutional conflicts or problems. *Everett v. Goldman*, 359 So.2d 1256 (La.1978). This requirement does not bar a patient from filing a claim in court. The opinion of the Medical Review Panel is just that, and it is considered by the trial court to be the opinion of experts in the medical field. The judge or jury is the ultimate arbiter of the issue when the claim is filed in court. There is no constitutional conflict created by requiring that civil malpractice claims first go to a Medical Review Panel before a claimant files suit in court. *Seoane v. Ortho Pharms.*, 660 F.2d 146 (5th Cir. 1981).

4

Even if there were merit to Mr. Cox's claim that the Medical Review Panel requirement was unconstitutional, a party asserting a claim of unconstitutionality must specifically make such an argument in his or her pleadings with the trial court. "It is well-established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized." *Arrington v. Galen-Med, Inc.*, 06-2923, 06-2944, 06-2968, p.3 (La. 2/2/07), 947 So.2d 719, 720.

Mr. Cox calls his claim a malpractice claim, and the conduct he complains of arises out of his treatment by the Doctors and WCCH. The basis for his claim falls squarely within the LMMA definition of malpractice.

Since both the Doctors and WCCH are qualified healthcare providers and Mr. Cox's claim is a medical malpractice claim, the terms and procedures of the LMMA apply to his claim. He must first file a request for Medical Review Panel with the Board and allow that process to unfold completely before filing a claim in district court. The judgment of the trial court is affirmed.

IV.

**CONCLUSION**

A claim based on medical malpractice as defined in the LMMA must first be reviewed by a Medical Review Panel before it can be filed in district court as long as, among other requirements, the claim is against a qualified healthcare provider. Mr. Cox complains about the medical care that he received from both the Doctors and WCCH which constitutes malpractice under the LMMA. The Doctors and WCCH are certified as qualified healthcare providers under the guidelines set forth in the LMMA. Therefore, Mr. Cox must first submit his claim to a Medical

Review Panel before he can file it in district court. The trial court's granting of the exceptions of prematurity is affirmed, as is the assessment of costs and fines against Mr. Cox. All costs of this appeal are assessed against Defendant, Walter Cox, Sr.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.